IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.  No.  CR-02-942 MV

RUSSELL HARRISON,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant Russell Harrison's Motion to Withdraw Plea **[Doc. No. 181]**.  The Court, having considered the motion, briefs, relevant law and being otherwise fully informed, finds that the motion is well taken and will be **GRANTED**.

On January 7, 2002, Mr. Harrison was arrested after a search of his car by border patrol agents and, on January 8, 2002, was charged with possession with intent to distribute and conspiracy to manufacture methamphetamine.  Magistrate Judge Leslie Smith appointed Herman Ortiz as counsel for Mr. Harrison in this matter.  On March 10, 2003, Mr. Harrison pled guilty to an information charging him with conspiracy to manufacture five grams and more of methamphetamine.

On July 3, 2003, Mr. Ortiz filed a motion to withdraw as counsel **[Doc. No. 142].**  Judge Karen Molzen granted the motion on July 8, 2003, appointing Jess Lilley in his place.  On January 24, 2004, Mr. Harrison filed the present motion to withdraw his plea.

Rule 11(d) of the Federal Rules of Criminal Procedure states that to prevail on such a motion after the court has accepted a plea, a defendant must "show a fair and just reason for requesting the withdrawal."  FED. R. CRIM. PRO. 11(d)(2)(B).  "Motions to withdraw a plea

'should be viewed with favor' and ... a 'defendant should be given a great deal of latitude.'" *United States v. Siedlik*, 231 F.3d 744, 748 (10th Cir. 2000) (quoting *United States v. Rhodes*, 913 F.2d 839, 845 (10th Cir. 1990)). "It is within the sound discretion of the trial court to determine what circumstances justify granting [a withdrawal] motion." *Id.* (quoting *United States v. Hickok*, 907 F.2d 983, 986 (10th Cir. 1990)). In determining whether a defendant has met his burden in presenting "fair and just" reasons for withdrawal, the Court looks to the following factors:

> (1) whether the defendant has asserted his innocence; (2) whether the government will be prejudiced if the motion is granted; (3) whether the defendant has delayed in filing the motion; (4) the inconvenience to the court if the motion is granted; (5) the quality of the defendant's assistance of counsel; (6) whether the plea was knowing and voluntary; and (7) whether the granting of the motion would cause a waste of judicial resources.

*Id.* at 749.

Although Defendant has not presented any argument on the issue of innocence, a consideration of the remaining factors demonstrates that Defendant is entitled to withdraw his plea, given the facts of this case. Both at the motion hearing and in its briefs, the Government asserted that allowing Defendant to withdraw his plea would prejudice its case. However, the Government's claim is based solely on conjecture: namely, that "memories of some of the government witnesses *may well have faded*." (Govt's Resp. at 5 (emphasis added).) The Government's concerns about the memory of its witnesses is not based on any concrete facts. Additionally, the Government still retains access to written records made around the time of the offense, arrest and investigation. As a result, the Court has no reason to believe that prejudice will in fact inure if Defendant's motion is granted.

Moreover, the Court is particularly concerned by the events that transpired on the day of Defendant's plea hearing. These events indicate that Defendant's request for new counsel was overlooked and that Defendant's legal representation was actually defective. The transcript reflects that, prior to the plea hearing, Defendant had submitted a letter to the court, through his mother, stating that he wanted new counsel. When the judge asked Defendant, "Are you satisfied with your lawyer at this point or do you want a new counsel?," Defendant responded, "At this point I do." (Trans. at 5.) However, Defendant's statement apparently went unacknowledged because the court continued with the plea hearing without taking any further action on the request for new counsel. Thus, although Defendant did answer affirmatively when asked whether he was satisfied with his lawyer "in all respects" (Trans. at 9) and with his lawyer's representation in negotiating the plea (Trans. at 13), Defendant conceded as much only *after* the court overlooked or ignored his initial request for a change of counsel.

Of equal if not greater concern is defense counsel's misstatements at the plea hearing concerning Defendant's sentence under the plea. Defendant stipulated in the plea agreement that the amount of methamphetamine attributable to him was "approximately 42 grams of pure methamphetamine or actual methamphetamine." (Trans. at 6.) Yet, later in the hearing, after conferring with Defendant off the record, defense counsel explained that he had been "advising [Defendant] that ... it's just possible in this case that probation could conclude in their investigation that maybe the meth was less. And that's been one of the disputes in this case, is the amount of meth." (Trans. at 18-19.) This statement by counsel suggested to Defendant that Probation's conclusions about the quantity of drugs could result in a lower offense level under the Sentencing Guidelines. However, whatever determination Probation might have reached would

have been irrelevant since the parties had already stipulated to a particular amount in the plea agreement.

As such, the Court finds that the quality of defense counsel's representation was deficient and materially so. At the plea hearing, counsel stated that Defendant's offense level would be 24 or, in a "worst case" scenario, would be 30 depending on whether the methamphetamine in the case was "actual" or a "mixture." (Trans. at 14-15.) However, counsel was not faced with hypothetical facts here; he was presented with an actual case and ought to have known by then what type of narcotics was involved. Additionally, Defense counsel's statement that Probation could conclude that Defendant had been responsible for a smaller quantity than that stipulated in the plea agreement gave Defendant the false impression that his sentence might be based on an amount other than that contained in the plea. That is, Defendant was led to believe that, notwithstanding the plea, the Court retained discretion to impose a lesser sentence than that which would be required under the terms of the plea. Counsel clearly should have known that because the quantity had been stipulated, Defendant was certain to be sentenced on that quantity alone after the plea was accepted by the Court. As a result of the uncorrected statements of defense in counsel both on and off the record during the plea hearing, the Court finds that Defendant's consent to the plea agreement was not fully informed and based on patently false facts.

Permitting Defendant to withdraw his plea will not result in a waste of judicial resources, given the errors that were made on the record and in open court. Ensuring the integrity of judicial proceedings and the reliability of representations made to the Court by officers of the Court is in the Court's own interest, just as is promoting judicial economy. Allowing Defendant to withdraw

a plea made under false assurances that were accepted by the Court and made in the face of Defendant's request for new counsel only furthers these judicial interests.

Having considered the various factors implicated in granting a motion to withdraw a plea agreement, the Court finds that Defendant has shown "fair and just" reasons justifying withdrawal.

**IT IS THEREFORE ORDERED** that Defendant Russell Harrison's Motion to Withdraw Plea **[Doc. No. 181]** is hereby **GRANTED**.

Dated this 12th day of February, 2004.

_____
MARTHA VÁZQUEZ
CHIEF UNITED STATES DISTRICT JUDGE

Attorney for Plaintiff:
Alfred Perez

Attorney for Defendant:
Jess Lilley